**KENTUCKY BAR ASSOCIATION,**
Complainant,

v.

**David R. REEVES, Respondent.**

No. 2000–SC–0086–KB.

Supreme Court of Kentucky.

April 20, 2000.

## OPINION AND ORDER

Respondent, David R. Reeves, whose address is Grayson, Kentucky, and who is admitted to practice law in this Commonwealth, was issued a three-count charge by the Kentucky Bar Association (KBA) alleging violations of SCR 3.130–1.3, SCR 3.130–1.4 and SCR 3.130–1.16(d) based on his representation of AESOP Financial Corporation, (AESOP). An · evidentiary hearing was held before a trial commissioner. Neither party filed a notice of appeal pursuant to SCR 3.360(4). Therefore, pursuant to SCR 3.370(10), this Court adopts the recommendation of the trial commissioner and Respondent is suspended from the practice of law for a period of sixty (60) days.

In December 1997, Respondent agreed to assume representation of AESOP against St. Claire Medical Center (St. Claire), in a collection case after he was contacted by Michael Levy, counsel for AESOP in Virginia. Respondent agreed to handle the matter on a contingency fee basis and requested court costs and a retainer fee from AESOP totaling $256.00. Levy forwarded that sum to Respondent in March 1998. Respondent did not file suit until October 8, 1998.

In April 1998, Levy wrote Respondent inquiring as to the status of the litigation. Levy testified before the trial commissioner that he also attempted to phone Respondent in April and again in August 1998. Levy testified that on neither occasion was he able to speak with Respondent, nor did Respondent return his calls. On October 27, 1998, Levy wrote Respondent and demanded that Respondent return the AESOP file and the $256.00 fee. In response, Respondent forwarded Levy the Complaint (filed on October 8, 1998), the Answer and the $150.00 retainer. At this time, Respondent failed to notify Levy that an economic litigation project (ELP) order had been entered on October 27, 1998. Furthermore, Respondent failed to advise Levy that a status conference had been scheduled for December 18, 1998 and that the Rowan Circuit Court had ordered each party to file an ELP status report before that conference.

On December 4, 1998, St. Claire filed its ELP status report with the circuit court. Respondent mailed a copy of the ELP status report to Levy on December 16, 1998, two days prior to the court-ordered status conference. Levy testified that he

received the report on December 18, 1998, the day the conference was held; and that, as of that time, he still had not been informed that a status conference was to take place on that day. The order from the Rowan Circuit Court reflects that no attorney appeared on behalf of AESOP.

At the status conference, the court ordered that dispositive motions be filed within thirty (30) days, after which each party would have twenty (20) days in which to respond. Respondent failed to provide Levy with a copy of the status conference order. Pursuant to the order, St. Claire moved for summary judgment. While St. Claire's motion indicates that it was mailed to Respondent on January 18, 1999, Levy did not receive it until February 3, 1999. Levy testified that he attempted but was unable to obtain substitute counsel to handle the motion. As a result, the Rowan Circuit Court granted St. Claire's motion for summary judgment on March 2, 1999.

As a result of his inaction in this matter, the KBA issued a three-count charge against Respondent. Count 1 alleged a violation of SCR 3.130–1.3, which states that, "[a] lawyer shall act with reasonable diligence and promptness in representing a client." The trial commissioner found Respondent guilty of violating SCR 3.130–1.3 by failing to timely file the civil suit on behalf of AESOP after receiving the filing fee and other requirements in March 1998.

Count 2 of the charge alleged that Respondent violated SCR 3.130–1.4 which states:

(a) A lawyer should keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information.

(b) A lawyer should explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation.

Respondent was found guilty of violating SCR 3.130–1.4 by failing to return Levy's phone calls and letters regarding the status of the litigation. Respondent also failed to inform Levy of the ELP order and status conference scheduled for December 18, 1998 and of the motion schedule ordered by the court, ordering each side to submit dispositive motions and responses if necessary. Finally, Respondent failed to promptly supply Levy with a copy of St. Claire's motion for summary judgment, which precluded Levy from being able to arrange for substitute counsel to respond to the motion.

Count 3 of the charge alleged that Respondent violated SCR 3.130–1.16(d) by failing to notify opposing counsel and the Rowan Circuit Court of the termination of his representation of AESOP. Respondent also failed to promptly inform AESOP of pending hearings and deadlines in the matter and failed to provide Levy with a copy of the dispositive motion filed by St. Claire, which, if timely provided, would have given AESOP time to retain substitute counsel to file a response or request additional time in which to do so. SCR 3.130–1.16(d) states:

Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance payment of fee that has not been earned.

As with regard to counts 1 and 2 of the charge, the trial commissioner found by a preponderance of the evidence that Respondent had violated SCR 3.130–1.16(d).

The trial commissioner also found that even though Levy was a licensed attorney in Virginia, that fact did not relieve Respondent of his duty to protect AESOP's interests. While Respondent's failure to timely file suit on behalf of AESOP did not cause substantial harm to the client, his failure to protect AESOP's interests after his termination did substantially impact

AESOP's position in the case. Because of this failure, the trial commissioner found Respondent guilty of all three counts of the charge and recommended that Respondent be suspended from the practice of law in this Commonwealth for a period of sixty (60) days.

Upon the foregoing facts and charges, the trial commissioner's findings and recommendation are hereby adopted. It is further ordered that:

1. Respondent, David R. Reeves, is suspended from the practice of law in this Commonwealth for a period of sixty (60) days. The period of suspension shall commence on the date of entry of this Opinion and Order.

2. In accordance with SCR 3.450, Respondent is directed to pay all costs associated with these disciplinary proceedings against him, said sum being $596.74, and for which execution may issue from this Court upon finality of this Opinion and Order.

All concur.

ENTERED: April 20, 2000.

/s/ Joseph E. Lambert
CHIEF JUSTICE