David R. REEVES KBA Member No. 57353, Movant,

v.

KENTUCKY BAR ASSOCIATION, Respondent.

No. 2001–SC–0822–KB.

Supreme Court of Kentucky.

Nov. 21, 2001.

See also, 15 S.W.3d 371.

**OPINION AND ORDER**

Movant, David R. Reeves, of Grayson, Kentucky, desires to terminate Kentucky Bar Association ("KBA") proceedings against him by consenting to a suspension from the practice of law for a period of ninety (90) days to serve, and an additional ninety (90) days probated for one (1) year with conditions. The KBA does not object to this motion and requests that the motion be granted. Movant was previously suspended from the practice of law by Order of this Court on April 20, 2000, *KBA*

*v. Reeves*, Ky., 15 S.W.3d 371 (2000), and has not been reinstated. After careful review of the charges and the record, we hereby grant the motion.

The proceedings against Movant arose out of two separate incidents, the charges for which were consolidated for purposes of discipline. KBA charge number 7465 charged Movant with a violation of SCR 3.130–1.15(a) for failing to hold the property of a client separate from his own. KBA charge number 7940 charged Movant with a violation of SCR 3.130–1.3 for failing to act with reasonable diligence and promptness in his representation of a client. In his motion for suspension, Movant admitted to the following facts:

### Charge Number 7465.

In November of 1998, Movant represented John L. Boggs in a bankruptcy action. On November 15, 1998, he issued a check, drawn on his escrow account, to the Clerk of the United States Bankruptcy Court to cover $175.00 in filing fees on behalf of Mr. Boggs. However, the check was returned because of insufficient funds. Mr. Boggs had paid Movant $175.00 to cover the filing fees, as well as $500.00 in attorney fees. Said payments were made in cash and were either placed in Movant's business account or spent by Movant. None of the money was placed in Movant's escrow account as required by SCR 3.130–1.15(a).

SCR 3.130–1.15(a) requires a lawyer to keep property of clients that is in the lawyer's possession separate from the lawyer's own property. "Funds shall be kept in a separate account maintained in the state where the lawyer's office is situated, or elsewhere with consent of the client...." Since Movant did not deposit Mr. Boggs's funds into Movant's escrow account, there were insufficient funds to cover the filing fees.

### Charge Number 7940.

This charge arose out of Movant's representation of Paul and Carol Miles in a civil suit instituted against them by H.A. Jones Chevrolet–Buick–Oldsmobile, Inc. (hereinafter "Jones"). On July 22, 1998, counsel for Jones filed a motion for partial summary judgment to which Movant filed a response and also tendered a counterclaim. The motion for summary judgment was overruled. However, Jones had also moved for leave to file an amended complaint, which motion was sustained. Movant failed to file an answer to the amended complaint.

On October 18, 1999, the Carter Circuit Court heard a motion on behalf of Jones to dismiss the counterclaim for lack of prosecution. At that time, another attorney, at Movant's request, appeared and advised the court that Mr. and Mrs. Miles intended to pursue their counterclaim. The motion to dismiss the counterclaim was overruled; however, Movant took no further steps to prosecute that claim or to defend his clients against Jones's claim. Because of those failures, Jones filed another motion to dismiss the counterclaim for lack of prosecution and a motion for default judgment premised upon Movant's failure to file an answer to the amended complaint. Movant did not appear at the hearing on these motions and did not defend against them in any way. Both motions were granted, the counterclaim was struck from the docket, and a default judgment was entered in favor of Jones. Movant admits that his inaction violated SCR 3.130–1.3 which requires a lawyer to "act with reasonable diligence and promptness in representing a client."

Upon the foregoing facts and charges, it is ordered that Movant's motions for termination of the proceedings against him

and for suspension are granted. It is hereby ordered that:

1. Movant, David R. Reeves, is suspended from the practice of law in the Commonwealth of Kentucky for a period of ninety days to serve, and an additional ninety days probated for one year with conditions as stated below. The period of suspension shall commence on the date of entry of this order and continue until such time as Movant is reinstated to the practice of law by order of this Court pursuant to SCR 3.510 or any controlling amendment to SCR 3.510.

2. Upon reinstatement, Movant shall remain on probation for a period of one year under the following terms and conditions:

A. Movant shall abstain from the consumption of alcoholic beverages;

B. Movant shall participate in the Lawyers Helping Lawyers program and meet all of its requirements;

C. A member of the Lawyers Helping Lawyers Committee will supervise Movant during his probationary period. The member of the Lawyers Helping Lawyers Committee shall file quarterly reports with the disciplinary clerk of the KBA for distribution to bar counsel. Said reports shall state if Movant is complying with the terms and conditions of this order. If, at any time, the member becomes aware of Movant's violation of any of the terms of this order, the member shall immediately file a notice of such violation with the disciplinary clerk of the KBA for distribution to bar counsel and Movant.

3. During Movant's period of probation, the Lawyers Helping Lawyers Committee member shall have the following responsibilities:

A. Obtain an affidavit from Movant as to whether Movant has abstained from the consumption of alcoholic beverages;

B. Review the records of the Carter District and Circuit Courts to determine if Movant has been involved in any alcohol-related incidents during the reporting period; and

C. Contact Movant as the member of the Lawyers Helping Lawyers Committee deems appropriate to discharge his or her responsibilities as set forth above.

4. If Movant violates the terms of this probation within one year of the date of Movant's reinstatement, the KBA shall file a motion with this Court requesting the issuance of a show cause order directing Movant to show cause, if any, why the ninety-day suspension should not be imposed.

5. If, at the expiration of the probation period of one year, Movant has fully complied with the above terms and conditions, the Order of Suspension shall automatically terminate along with all terms and conditions of probation, and the Lawyers Helping Lawyers Committee member shall be relieved of any further responsibility under this order.

6. Pursuant to SCR 3.390, Movant shall, within ten (10) days from the entry of this order, notify all clients in writing of his inability to represent them, notify all courts in which he has matters pending of his suspension from the practice of law, and furnish copies of said letters of notice to the Director of the KBA.

7. In accordance with SCR 3.450, Movant is directed to pay all costs associated with these disciplinary proceedings against him, said sum being $142.12, and for which execution may issue from this Court upon finality of this Opinion and Order.

All concur.

ENTERED: November 21, 2001.

/s/ Joseph E. Lambert
Chief Justice